UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

UNITED STATES OF AMERICA )
)
) No. 1:05-CR-103
v. )
) Judge Curtis L. Collier
)
PHILIP ALLEN DRISCOLL, *et al.* )

# **M E M O R A N D U M**

Before the Court is a "Joint Motion to Dismiss Count Two of the Indictment" (Court File No. 38) filed by Defendants Philip Driscoll ("Mr. Driscoll"), Donna Driscoll ("Mrs. Driscoll"), and Annie Blankenship ("Blankenship") (collectively "Defendants"). Defendants filed a brief in support of their motion (Court File No. 39) and the Government filed a response (Court File No. 40, pp. 19-23) in which it opposed the motion as to Defendant Phillip Driscoll but concedes the motion should be granted as to Defendants Donna Lynne Driscoll and Annie Blankenship[1].

After consideration of the above motion and briefs, and for the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss. The Court will dismiss the charges alleged in count two of the indictment with respect to Mrs. Driscoll and Blankenship but the Court will not dismiss the charges alleged in count two of the indictment with respect to Mr. Driscoll.

---

[1] In its response the Government states: "The government would agree that Count Two the statute of limitations had expired at the time of ht Indictment with regard to Defendants Lynne Driscoll and Blankenship, but not Defendant Phillip Driscoll."

## I. STANDARD OF REVIEW

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure, which permits pretrial consideration of any defense "that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability. *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). Accordingly, the defense may use a Rule 12(b) motion to raise for consideration such matters as "former jeopardy, former conviction, former acquittal, statute of limitations, immunity [and] lack of jurisdiction." *Id.* (quoting *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir.1989)). In considering such motions, a trial court may "ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." *Craft*, 105 F.3d at 1126.

An indictment valid on its face may not be dismissed on the ground it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992). Hence, a court cannot consider a factual challenge to an indictment purporting to show a defect consisting solely of insufficient evidence to prove a particular charge. Where a defendant's pretrial motion to dismiss requires the court to find facts that make up the elements of the case, a determination which would normally be reserved to the jury at trial, the motion to dismiss should be denied:

> Rule 12(b)(1) of the Federal Rules of Criminal Procedure, which cautions the trial judge that he may consider on a motion to dismiss the indictment only those objections that are "capable of determination without the trial of the general issue," indicates that evidentiary questions of this type should not be determined on such a motion.

*United States v. Knox*, 396 U.S. 77, 83 n. 7, 90 S. Ct. 363, 367 n.7, 24 L. Ed. 2d 275 (1969). In

2

essence, a motion to dismiss should be denied if it requires a pretrial test of the government's evidence:

> Rule 12(b)(1) permits the raising by motion of defenses or objections only where they are "capable of determination without the trial of the general issue," the general issue being the issue presented by the allegations of the indictment and the plea. Allegations of the indictment essential to prove the offense charged and the pleas in answer to such allegations require a trial of the general issue. Here, the issue presented by the defense or objections raised by appellants in their motions is that the allegations of the indictment are false and untrue. This is the general issue, and this issue could only be determined on the trial. Appellants, therefore, under Rule 12, can not present such a defense or raise such an objection by a motion to dismiss the indictment.

*Universal Milk Bottle Serv. v. United States*, 188 F.2d 959, 962 (6th Cir. 1951), *see also United States v. Short*, 671 F.2d 178, 181-82 (6th Cir. 1982).

## II.  RELEVANT FACTS

A four-count Indictment was filed against Defendants on August 17, 2005 (Court File No. 1). Count Two charges Defendants as follows:

> On or about January 27, 1999 . . . [Defendants] . . . did willfully attempt to evade and defeat a large part of the income tax due and owing by the DRISCOLLS to the United States of America for the calendar year 1996, by preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, which was filed with the IRS, wherein they stated that their joint taxable income for said calendar year was the sum of $97,149, and that the amount of tax due and owing thereon was the sum of $15,979, whereas they then and there well knew and believed, their joint taxable income for said calendar year was substantially in excess of that heretofore stated and that upon said additional joint taxable income a substantial additional tax was due and owing to the United States of America.
>
> In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

(*Id.*; Court File No. 19[2]).

On January 10, 2005, Mr. Driscoll signed a waiver of the statute of limitations extending the statute of limitations with respect to the 1996 tax return to July 1, 2005. Mr. Driscoll executed a second waiver on June 21, 2005 extending the statute of limitations to September 1, 2005 (Court File No. 39, Exhs. 8-A, 8-B). Mrs. Driscoll and Blankenship did not provide the Government with any waivers.

### III. DISCUSSION

Defendants have been charged with violating 26 U.S.C. § 7201 because they allegedly prepared and signed a fraudulent tax return for the calendar year 1996 "on or about January 27, 1999" (Court File No 19, Indictment, Count Two). The statute of limitations begins to run for tax evasion under 26 U.S.C. § 7201 on the day of the last affirmative act of tax evasion. *United States v. Butler*, 297 F.3d 505, 511 (6th Cir. 2002). The statute of limitations for this offense is six years. 26 U.S.C. § 6531. The parties agree the limitations period has run for Mrs. Driscoll and Blankenship (Court File No. 39, p. 5; Court File No. 40, p. 21). Therefore, the Court will **DISMISS** the charges against Mrs. Driscoll and Blankenship found in count two of the indictment.

Unlike Mrs. Driscoll and Blankenship, Mr. Driscoll signed waivers extending the statute of limitations until September 1, 2005. The indictment was filed on August 17, 2005. Mr. Driscoll does not contest the validity of the waivers. However, Mr. Driscoll argues the statute of limitations

---

[2]After the Government's motion to transfer this case from the Knoxville division, where it was filed, to Chattanooga, was granted (Court File No. 5), an order was entered directing the Clerk of Court to file a corrected indictment indicating the new division and case number (Court File No 18). That corrected indictment was filed in Court File No. 19.

4

already had run on January 10, 2005 when he signed the first waiver.[3] Mr. Driscoll contends the 1996 tax return was actually filed with the Internal Revenue Service in 1997. While Mr. Driscoll eventually may be able to prove the return was filed in 1997, dismissal at this stage of the proceedings would be inappropriate because the issue of whether the 1996 tax return was filed in 1997 instead of 1999 is a factual question more appropriately suited for the jury. The indictment clearly alleges the false and fraudulent 1996 tax return was filed on or about January 27, 1999.[4] Such a filing would constitute an affirmative act of tax evasion. *See United States v. Harris*, 1997 WL 369439, at *3 (6th Cir. July 1, 1997) (stating "the Supreme Court held that the statute of limitations for a tax evasion charge based on the filing of a false return begins to run on the date that the defendant filed the return, and not the earlier statutory due date") (citing *United States v. Habig*, 390 U.S. 222, 225 (1968). As such, the statute of limitations, for purposes of this motion, began to run after Mr. Driscoll signed his first waiver. Accordingly, the Court will **DENY IN PART** Defendants' motion to dismiss with respect to Mr. Driscoll.

IV. <u>CONCLUSION</u>

In light of the above reasoning, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss (Court File No. 38) and will **DISMISS** the charges alleged in count two of the indictment against Mrs. Driscoll and Blankenship based on the statute of limitations.

---

[3] The waivers specifically state they "do not apply to any offenses, if any, on which the statute of limitations has already run" (Court File No. 39, Exhs. 8-A, 8-B). Therefore, if the tax return was actually filed in 1997 rather than 1999, the waivers would not prevent the statute of limitations from barring the charges alleged in count two of the indictment against Mr. Driscoll.

[4] Also, the Government has presented a copy of the 1996 return which was stamped "received" by the Internal Revenue Service on "January 27, 1999" (Court File No. 40, Exh. A).

5

However, the Court will **NOT DISMISS** the charges alleged in count two of the indictment against Mr. Driscoll.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**