UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:05-CR-103 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| | ) | |
| PHILIP ALLEN DRISCOLL, *et al.* | ) | |

## **ORDER**

Defendants Philip Driscoll ("Mr. Driscoll"), Donna Driscoll ("Mrs. Driscoll"), and Annie Blankenship ("Blankenship") (collectively "Defendants") filed a "Joint Motion to Order Administration of a Juror Questionnaire" (Court File No. 26) and a "Joint Motion for Additional Separate Peremptory Challenges" (Court File No. 28). Defendants filed briefs in support of their motions (Court File Nos. 27, 29) and the Government filed a response (Court File No. 40, ¶. 2-5).

Based upon the Court's past experience with jury selection and its familiarity with the types of individuals called for service in this district, the Court would expect the entire jury selection process in this case to take no more than approximately two hours. That means if we start at 9:00 a.m. a jury should be selected and sworn sometime around 11:00 a.m. Defendants argue the use of their proposed juror questionnaire would shorten the jury selection process. After the Court's perusal of Defendants' proposed juror questionnaire, it does not see how the length of the jury selection process will be shortened by administering the proposed juror questionnaire to each prospective juror. It seems to the Court that use of this questionnaire would lengthen considerably the jury selection process.

Further, since the venire is drawn from the entire division, the Court thinks it is unlikely we will encounter any difficulties in finding and selecting fair and impartial jurors. In sum, the Court is confident its normal jury selection process will allow a fair and impartial jury to be selected in this case. Accordingly, the Court **DENIES** Defendants' motion to administer a juror questionnaire to each prospective juror (Court File No. 26).

Defendants also move for additional peremptory challenges. In the usual case involving multiple defendants, peremptory challenges are accorded to the defendants collectively. If there are persuasive reasons why that is not feasible, then challenges are accorded to defendants individually. If there are antagonistic defenses or hostility among defendants, such an action is appropriate. In this case the Court has not been furnished with any reason to believe these defendants cannot cooperate in the use of their challenges. Pursuant to Fed. R. Crim. P. 24(b)(2) Defendants are entitled to jointly exercise ten peremptory challenges to prospective jurors. Any further peremptory challenges in this case, other than alternate juror challenges, are unnecessary in this case and will not be granted. Therefore, Defendants' motion for additional peremptory challenges (Court File No. 28) is **DENIED**.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

2