UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:05-CR-103 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| PHILIP ALLEN DRISCOLL, *et al.* ) | |

**MEMORANDUM**

Before the Court is Defendants Philip Driscoll and Donna Driscoll's (collectively "Defendants") motion in limine to determine the admissibility of a three-page statement made by Annie Blankenship (Court File No. 70). Defendants filed a memorandum in support of their motion (Court File No. 71), to which the Government has filed a response (Court File No. 74) and Defendants have filed a reply (Court File No. 77).[1] Also before the Court is the Government's motion in limine to exclude Defendants' expert testimony concerning uncertainty in federal tax law (Court File No. 72) and memorandum in support (Court File No. 73). Defendants have not responded to the Government's motion in limine.

After consideration of the above motions and briefs, and for the following reasons, the Court will (1) **DENY** Defendants' motion in limine and **EXCLUDE FROM EVIDENCE** Blankenship's

---

[1] The Government also filed a supplemental brief in opposition to Defendants' motion in limine (Court File No. 78). The Government did not request permission to file the brief pursuant to Local Rule 7.1(d) so the Court will not consider it. *See* E.D. Tenn. L.R. 7.1(d). Local Rule 7.1(d) does allow a party to file a supplemental brief without permission of the Court if the brief calls to the Court's "attention developments occurring after a party's final brief is filed." *Id.* The Government's brief does not attempt to make the Court aware of any new developments.

three page statement and (2) **GRANT** the Government's motion in limine and **EXCLUDE FROM EVIDENCE** any expert testimony regarding any alleged uncertainty in 26 U.S.C. § 107.

I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2005 an indictment was filed against Defendants and Annie Blankenship ("Blankenship") charging them with conspiracy to defraud the United States and attempting to evade taxes (Court File No. 1). Defendants are husband and wife and Blankenship is Donna Driscoll's mother. On April 5, 2006 Blankenship, through counsel, requested the Court to dismiss the charges against her or in the alternative to continue her case because of her progressively worsening illnesses and injuries (Court File No. 60).[2] At that time, Blankenship suffered from cirrhosis of the liver which caused her ammonia levels to fluctuate. When her ammonia levels peaked her mental competency was affected (*Id.*; Court File No. 61).[3] The Government opposed a dismissal of the indictment but agreed Blankenship's case should be continued (Court File No. 63).

In light of Blankenship's deteriorating health, Defendants filed a motion to depose Blankenship pursuant to Fed. R. Crim. P. 15 (Court File No. 64). The Government opposed Defendants' motion arguing if Blankenship was well enough to be deposed she would be well enough to attend trial (Court File No. 67).

On April 7, 2006 counsel for Blankenship, Douglas Trant, read a three-page statement, prepared by Donna Driscoll's attorney David M. Eldridge, to Blankenship. Blankenship then

---

[2] At the time of the motion, Blankenship suffered from the end stages of cirrhosis of the liver, renal failure, diabetes, chronic diarrhea, substantial fluid retention, and a weakening heart (Court File No. 60).

[3] Blankenship represented when the ammonia levels were high, "she [was] not mentally competent" (Court File No. 60).

executed the statement (Court File No. 71, Exh. 1). At the time Blankenship executed the statement, her treating physician estimated she had about six months to live.

The same day Blankenship adopted the statement prepared by Mr. Eldridge, the Court held a pretrial conference with the parties' attorneys. At the pretrial conference, due to Blankenship's health issues, the Court, without objection, severed Blankenship from Defendants and continued her trial. Also, after much discussion and pursuant to an agreement among the parties, the Court denied Defendants' motion to take Blankenship's deposition. However, to accommodate Blankenship's health issues, the Government agreed that Blankenship could be called out of order by the Defendants during the Government's case in chief.

On April 17, 2006, one week before the trial commenced, Blankenship passed away. A few days later, Defendants' filed a motion in limine arguing Blankenship's April 7, 2006 statement should be admissible at trial under Fed. R. Evid. 804(b)(3) or in the alternative under Fed. R. Evid. 807 (Court File No. 70). The Government opposes Defendants' motion, contending Blankenship's statement is hearsay and does not fit into any hearsay exception (Court File No. 74).

On April 7, 2006, Defendants notified the Government they may call a practicing attorney, Frank Sommerville, to testify at trial as follows:

> The Internal Revenue Code does not expressly state whether the parsonage allowance is available for only one property, or for any home maintained by a minister of the gospel. There are also no published regulations, court cases, Internal Revenue rulings, private letter rulings, Technical Advice Memoranda (TAMs), or any other published authority declaring that a parsonage allowance is limited to only one property. Thus, for the tax years 1993 through 1999, the question of whether a minister could receive a parsonage allowance with respect to two homes was unsettled.

(Court File No. 73, Part 2, p. 2). On April 22, 2006 the Government filed a motion in limine to exclude any trial testimony, including Mr. Sommerville's testimony, regarding the uncertainty of

3

federal tax law (Court File No. 74).

## II. DISCUSSION

### A. Annie Blankenship Statement

In federal court, "[h]earsay is not admissible except as provided by [the Federal Rules of Evidence] . . . ." Fed. R. Evid. 802. All parties agree Blankenship's statement is hearsay. Therefore, an exception must apply for the statement to be admissible. Defendants contend Blankenship's statement is admissible under Fed. R. Evid. 804(b)(3) because it is against her penal interest or in the alternative under Fed. R. Evid. 807.

#### 1. Rule 804(b)(3)

Rule 804(b)(3) provides in pertinent part:

> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> . . .
>
> (3) Statement against interest. A statement which was at the time of its making . . . so far tended to subject the declarant to . . . criminal liability . . . . A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
>
> . . .

Fed. R. Evid. 804(b)(3). Since Blankenship is deceased, she is unavailable. Fed. R. Evid. 804(a)(4). Hence, the Court must determine whether any declarations made by Blankenship in her three-page statement were against her penal interest at the time they were made. *United States v. Canan*, 48 F.3d 954, 959 (6th Cir. 1995) (". . . when ruling upon a narrative's admissibility under [Rule 804(b)(3)], a court must break it down and determine the separate admissibility of each 'single

4

declaration or remark.'" (citing *Williamson v. United States*, 512 U.S. 594 (1994)). Further, if any declarations were against Blankenship's interest and are being offered to exculpate Defendants, the Court must determine whether there are any corroborating circumstances indicating the trustworthiness of Blankenship's declarations. The Court's determinations on these issues are reviewed for abuse of discretion. *United States v. Johnson*, 440 F.3d 832, 847 (6th Cir. 2006).

Blankenship's statement is three pages in length and has 15 numbered paragraphs. Without question, most of the declarations made by Blankenship in her statement are not in or against her interest; they are neutral. These neutral statements are obviously not admissible. *United States v. Price*, 134 F.3d 340, 347 (6th Cir. 1998) ("Collateral statements, even ones neutral as to interest, should be treated the same as other hearsay statements that are generally not admissible. Collateral statements may not be admissible based on their proximity to self-inculpatory ones.").[4]

Other declarations in Blankenship's statement are in her interest and do not tend to subject her to criminal liability. For example, Blankenship explains she "did not know" her actions were wrong and if they were wrong, it was her "mistake," not Defendants' (Court File No. 71, Exh. 1, ¶¶ 8-10, 15). These statements are in Blankenship's interest because the Government must prove Blankenship's conduct was willful in order for her to be convicted of the charge of attempted tax evasion. *See* 26 U.S.C. § 720; *United States v. Pensyl*, 387 F.3d 456, 458 (6th Cir. 2004). Other

---

[4] Examples of neutral declarations in Blankenship's statement are found in paragraph three of her statement which reads as follows:

> Before I retired in 2000, I was the bookkeeper for Mighty Horn Ministries. I started working at Mighty Horn Ministries as the bookkeeper in 1986 and retired in 2000. Before coming to work for the ministry, I had been doing bookkeeping for approximately 16 years but have never had any formal training in accounting.

(Court File No. 71, Exh. 1, ¶ 3).

5

examples of self-interested statements are Blankenship's declarations "[n]either Phil nor Lynne ever asked me to attempt to hide anything from the accountants who prepared the returns from the IRS" and "[n]either Phil nor Lynne Driscoll told me how to account for the expenses of the ministry" (Court File No. 71, Exh. 1, ¶¶ 4, 15). These statements amount to an averment Blankenship did not conspire with Defendants to defraud the United States, as charged in the indictment. Each of the self-interested statements in Blankenship's statement do not tend to subject Blankenship to criminal liability and are obviously not admissible under Rule 804(b)(3).

After reading Blankenship's statement closely, the Court was unable to find any inculpatory declarations. As such, no declaration within the statement is admissible under 804(b)(3). However, even if Blankenship had made some declarations against her interest, Rule 804(b)(3) would not be satisfied. The gist of Blankenship's statement is I am at fault, albeit innocently, and Defendants are not. Since the statement tends to "exculpate the accused [it] is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Fed. R. Evid. 804(b)(3). Such circumstances are not present in this case. Further, when Blankenship executed the statement, her competency was in question.[5] This suggests the statement may not be trustworthy. Also, it is reasonable to assume a mother, especially one who is about to die, has a strong incentive to take the blame to protect her daughter and/or son-in-law. *United States v. Paulino*, ___ F.3d ___, 2006 WL 798042, at *6 (6th Cir. 2006) (affirming exclusion of 804(b)(3) evidence because a father had "an

---

[5] According to Mr. Trant, on the day Blankenship signed the statement, he had visited with her for approximately 30 minutes and determined she was mentally competent (Court File No. 77, Exh. 1, Affidavit of Douglas Trant, ¶ 2). While Blankenship may very well have been fully competent at the time she signed the statement, and the court credits Mr. Trants opinion, one cannot ignore the medical opinions regarding her lucidity and the rapidly changing nature of her competency because of her high ammonia levels.

6

obvious motive to lie to protect his son"); *Price*, 134 F.3d at 347 ("one important corroborating circumstance exists if the involved parties do not have a close relationship"). Lastly, the statement executed by Blankenship was not prepared by Blankenship or even by her attorney. Instead, it was prepared by her daughter's attorney. This clearly suggests the statement is not trustworthy. Thus, even if the statement included declarations against Blankenship's penal interest, because there is a lack of corroborating circumstances that clearly indicate the trustworthiness of the statement, Rule 804(b)(3) has not been satisfied.

### 2. Rule 807

Next, Defendants attempt to admit Blankenship's statement under Fed. R. Evid. 807, the residual exception to the hearsay rule sometimes called the catch-all exception. Rule 807 states in relevant part:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

For the reasons relating to the trustworthiness of the statement already discussed and in light of the teachings of *Crawford v. Washington*, 541 U.S. 36 (2004), the Court concludes Blankenship's statement does not have the necessary circumstantial guarantees of trustworthiness and is therefore not admissible under Rule 807.

In *Crawford*, the Supreme Court held the admission of testimonial hearsay evidence in a criminal trial where the defendant has no opportunity to cross-examine the witness violates the Confrontation Clause of the Sixth Amendment. *Id.* at 68. Prior to *Crawford*, the controlling law was

7

*Ohio v. Roberts*, 448 U.S. 56, 66 (1980), which conditioned the admissibility of all hearsay evidence on whether it fell under a firmly rooted hearsay exception or had particularized guarantees of trustworthiness. *Id.* at 60. In other words, under *Roberts*, hearsay could be admitted "based on a mere judicial determination of reliability." *Id.* at 62. *Crawford* rejected *Roberts,* explaining, "[t]he Constitution prescribes a procedure for determining the reliability of testimony in criminal trials, and we . . . lack authority to replace it with one of our devising." *Id.* at 67. This procedure is to require "unavailability and a prior opportunity for cross-examination." *Id.* at 68.

Although Blankenship's statement, if admitted, would not violate Defendants' rights under the Confrontation Clause, the Court considers it significant the Government had no opportunity to cross-examine Blankenship. *See United States v. Sturman,* 951 F.2d 1466, 1490 (6th Cir. 1991) (stating "hearsay rules and the Confrontation Clause are generally designed to protect similar values" (quotations and citations omitted)). Under Rule 807 a statement may be admitted if it has circumstantial guarantees of trustworthiness. One fundamental guarantee of trustworthiness, as *Crawford* explains, is a prior opportunity for cross-examination. Since there was no prior opportunity for cross examination, and because of the circumstances surrounding Blankenship's statement already discussed, the statement is inadmissible.

Defendants also argue if the Court excludes Blankenship's statement, their rights under the Due Process Clause and the Sixth Amendment would be violated (Court File No. 71, p. 6). This argument is without merit. Unreliable hearsay excluded by the Court does not violate Defendants' due process or Sixth Amendment rights. *Compare Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (finding a defendant's rights to due process were violated when a trial court excluded testimony that "bore persuasive assurances of trustworthiness"), *with Turpin v. Kassulke*, 26 F.3d

8

1392, 1397 (6th Cir. 1994) (finding the exclusion of a statement of "dubious exculpatory value" which "bore considerable indicia of *un*reliability" did not violate a defendant's right to due process). Accordingly, the Court will **DENY** Defendants' motion in limine.

### B. Expert Testimony

The Federal Rules of Evidence allow an expert to testify if his opinion "will assist the trier of fact to understand the evidence or to determine a *fact* in issue . . . ." Fed. R. Evid. 702 (emphasis added). A district court has wide latitude to determine the admissibility of expert testimony. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 555 (6th Cir. 2004). Defendants have informed the Government they intend to call an expert at trial to testify § 107 of the Internal Revenue Code was unsettled at all relevant times in this case. The Government has moved the Court to "enter an Order barring Defendants from offering as evidence at trial any expert testimony opining that the meaning of 26 U.S.C. § 107, captioned 'Rental value of parsonages,' was unsettled . . ." and "from referring to any uncertainty in the meaning of Section 107" (Court File No. 72).

Presumably Defendants desire Mr. Sommerville's testimony to be admitted to show they did not willfully evade their federal income tax liabilities, because it was not clear they owed certain taxes. As the Government points out, this issue has been addressed by the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). In *United States v. Curtis*, 782 F.2d 593, 598 (6th Cir. 1986), the government moved to exclude the testimony of a defense witness who was proferred to testify the area of tax law governing the treatment of corporation distributions to shareholders was unsettled or complex. The defendant wanted the witness to testify so he could prove he was not willfully evading taxes. The trial court granted the motion in limine and excluded the evidence. The Sixth Circuit affirmed explaining "[e]xperts are supposed to interpret and analyze factual evidence.

9

They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient, and it is the judge's duty to inform the jury about the law that is relevant to their deliberations." *Id.* at 599; *see also Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.").

For the same reasons discussed in *Curtis*, the Court will **GRANT** the Government's motion in limine to exclude Mr. Sommerville's testimony or any other expert testimony regarding any alleged uncertainty in § 107.

### IV. CONCLUSION

In light of the above reasoning, the Court will (1) **DENY** Defendants' motion in limine and **EXCLUDE FROM EVIDENCE** Blankenship's three page statement and (2) **GRANT** the Government's motion in limine and **EXCLUDE FROM EVIDENCE** expert testimony regarding any alleged uncertainty in § 107.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**