UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 1:05-CR-103 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| PHILIP DRISCOLL | ) | |
| | ) | |

**M E M O R A N D U M**

Before the Court is Defendant Philip Driscoll's ("Defendant") Motion For New Trial (Court File No. 118). The Government filed a timely response to Defendant's motion (Court File No. 120). For the following reasons, the Court will **DENY** Defendant's motion.

**I.   RELEVANT FACTUAL AND  PROCEDURAL BACKGROUND**

On August 17, 2005, an indictment was filed against Defendant, Donna Driscoll ("Mrs. Driscoll") and Annie Blankenship ("Blankenship"), charging them with conspiracy to defraud the United States and attempting to evade taxes (Court File No. 1). Defendant is married to Mrs. Driscoll and Blankenship was Mrs. Driscoll's mother. Blankenship served as the bookkeeper for Mighty Horn Ministries, Inc. and Phil Driscoll Ministries, Inc. during the time periods at issue in this case. On April 5, 2006 Blankenship, through counsel, requested the Court to dismiss the charges against her or in the alternative to continue her case because of her progressively worsening

illnesses and injuries (Court File No. 60).[1] At that time, Blankenship suffered from cirrhosis of the liver, which caused her ammonia levels to fluctuate. When her ammonia levels peaked, her mental competency was affected (*id.*; Court File No. 61).[2] The Government opposed a dismissal of the indictment but agreed Blankenship's case should be continued (Court File No. 63).

In light of Blankenship's deteriorating health, Defendant filed a motion to depose Blankenship pursuant to FED. R. CRIM. P. 15 (Court File No. 64). The Government opposed Defendant's motion, arguing if Blankenship was well enough to be deposed she would be well enough to attend trial (Court File No. 67).

On April 7, 2006 counsel for Blankenship, Douglas Trant, read a three-page statement, prepared by Mrs. Driscoll's attorney, David M. Eldridge, to Blankenship. Blankenship then executed the statement (Court File No. 71, Exh. 1). At the time Blankenship executed the statement, her treating physician estimated she had about six months to live. Defendant did not submit any medical opinion that the six month estimate was incorrect.

The same day Blankenship adopted the statement prepared by Mr. Eldridge, the Court held a pretrial conference with the parties' attorneys. At the pretrial conference, due to Blankenship's health issues, the Court, without objection, severed Blankenship's case from Defendant and Mrs. Driscoll's case and continued Blankenship's trial. Also, after much discussion and pursuant to an agreement among the parties, the Court denied Defendant and Mrs. Driscoll's motion to take

---

[1] At the time of the motion, Blankenship suffered from the end stages of cirrhosis of the liver, renal failure, diabetes, chronic diarrhea, substantial fluid retention, and a weakening heart (Court File No. 60).

[2] Blankenship represented "she [was] not mentally competent" when the ammonia levels were high (Court File No. 60).

Blankenship's deposition (Court File No. 80, p. 15-16). However, to accommodate Blankenship's health problems, the Government agreed that Blankenship could be called out of order by Defendant and Mrs. Driscoll during the Government's case-in-chief.

On April 17, 2006, one week before the trial commenced, Blankenship passed away. A few days later, Defendant and Mrs. Driscoll filed a motion in limine arguing Blankenship's April 7, 2006 statement should be admissible at trial under FED. R. EVID. 804(b)(3), or in the alternative, under FED. R. EVID. 807 (Court File No. 70). The Government opposed Defendant and Mrs. Driscoll's motion, contending Blankenship's statement was hearsay and did not fit into any hearsay exception (Court File No. 74). This Court found the statement was not admissible under Rule 804(b)(3) because it did not include declarations against Blankenship's penal interest and because there was a lack of corroborating circumstances which clearly indicated the trustworthiness of the statement (Court File No. 84). Furthermore, the Court concluded Blankenship's statement did not have the necessary circumstantial guarantees of trustworthiness to be admissible under Rule 807 (*id.*).

At trial the Government argued the money received as part of the parsonage allowance for ministers should be included in gross taxable income. A component of the Government's theory of guilt of Defendant and Mrs. Driscoll was that payments made by Mighty Horn Ministries, Inc. and Phil Driscoll Ministries, Inc. for residences of the Driscoll to be entitled to the parsonage allowance was limited to just one residence. The evidence indicated that payments were made on more than one residence. There was some question whether one of the homes was a residence of the Driscolls. Moreover, there was some testimony introduced by the Government that the Driscolls structured or attempted to structure a sale of one of the residences so that the purchase price was less than that actually agreed upon. This included money paid towards multiple homes. At the charge conference,

the Court decided it would not instruct the jury on the "two parsonage" theory advanced by the Government (Court File No. 119, p. 10). The Court instructed the parties to agree on a charge, but the Government and Defendant were unable to reach an agreed instruction. (*Id.*). The Government agreed to Defendant's earlier instruction on the parsonage issue but Defendant wanted an instruction which advised the jury the parsonage allowance was "out of the case." (*Id.*). Ultimately, the Court used Defendant's proposed instruction on calculating "Gross and Taxable Income" and supplemented it with an instruction that the jury should not to consider any payments made on more than one residence (Court File No. 55, p. 22). The inserted language read "[i]n determining the Driscoll's taxable income for the years in question, you are not to consider that payments may have been received or made on more than one residence."

**II. APPLICABLE LAW**

A court may vacate any judgment and "grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). The decision to order a new trial is committed to a court's sound discretion, which is subject to review for abuse. *United States v. Talley*, 164 F.3d 989, 1002 (6th Cir. 1999); *United States v. Davis,* 15 F.3d 526, 531 (6th Cir. 1994); *United States v. Chambers*, 944 F.2d 1253, 1263 (6th Cir. 1991). In deciding whether a new trial is warranted, a court should primarily concern itself with whether the prior proceedings were fair for the accused. *See Davis*, 15 F.3d at 531-32. Motions for new trials are not favored and should only be granted with great caution and in extraordinary circumstances. *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976); *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967). A defendant bears the burden of proving a new trial should be granted. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).

4

**III. DISCUSSION**

Defendant raises two issues that he states warrant the Court granting a new trial. The Court will examine each individually.

> A. *Defendant contends the Court erred in denying Defendant's motion to depose Blankenship and erred in denying Defendant's motion in limine thereby excluding the statement made by Blankenship*

Defendant argues it was error for the Court to deny the motion to depose Blankenship. Rule 15 provides the Court "*may* grant the motion because of exceptional circumstances and in the interest of justice." FED. R. CRIM. P. 15 (emphasis added). However, "[d]epositions generally are disfavored in criminal cases." *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993). Defendant argues the determination of whether a court should allow a deposition turns on the following factors; "[w]hether (1) the witness is *unavailable* to testify at trial; (2) injustice will result because testimony *material* to the movant's case will be absent; and (3) *countervailing factors* render taking the deposition unjust to the nonmoving party." *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995)(emphasis in original)(citation omitted). Utilizing Defendant's test, the Court did not err in this case. At the pretrial conference held 17 days before the start of the trial, the parties agreed Blankenship could testify at trial. (Court File No. 80, p. 6). The evidence at the pretrial conference was that Blankenship's life expectancy was approximately six months, and nothing indicated she would die within a month of the final pretrial conference (*id.*, p. 11-12). Furthermore, Defendant's counsel stated "I think [Blankenship] would be capable [of testifying] -- she would be in a wheelchair, but I think she would be capable of coming to court for a couple of hours." (*Id.*, p. 6). The parties agreed Blankenship would testify for the defense at the beginning of the Government's case-in-chief (*id.*, p. 15-16). Therefore, at the time the Court made its

5

determination not to allow the deposition, Blankenship was available and the Court did not abuse its discretion in denying Defendant's motion to depose.

Defendant further argues the Court should have admitted Blankenship's statement. The Court laid out its reasoning in detail for denying Defendant's motion in limine and excluding Blankenship's statement (Court File No. 84). Defendant does not argue the Court's reasoning in reaching this conclusion was incorrect (Court File No. 119, p. 8). Rather, Defendant argues "the context in which this ruling came resulted in an injustice to the Defendant." (*Id*).

Defendant states, generally, and without the support of case law, the circumstances of this case violate Defendant's Fifth Amendment right to a fair trial. However, all parties agreed Blankenship would testify out of order, and therefore there was no need for a deposition. The statement executed by Blankenship and drafted by Mrs. Driscoll's attorney did not meet requirements for admissibility under the Federal Rules of Evidence. Defendant's Fifth Amendment rights were not violated because the Court acted properly in excluding inadmissible evidence. A defendant does not have a Fifth Amendment right to put on evidence that is not admissible. Furthermore, Defendant cites *United States v. McHan*, 101 F.3d 1027, 1037 (4th Cir. 1996) for the proposition that Defendant was unfairly prevented from obtaining evidence (Court File No. 119). However, *McHan* addressed a situation where the party anticipated a witness would not be available to testify but neglected to obtain a deposition. In this case, neither the Court nor the parties anticipated Blankenship would be unavailable because the undisputed medical opinion about Blankenship was that her death was not imminent and was not likely to occur between the final pretrial conference and the start of trial. Defendant also cites *United States v. Ramos*, 179 F.3d 1333 (11th Cir. 1999) for the proposition that it is reversible error to forbid preservation of testimony.

6

However, in *Ramos* the statement at issue was "material, exculpatory, and admissible." *Ramos*, 179 F.3d at 1336. In contrast, the statement executed prior to Blankenship's death did not conform to the standards required for admissibility under the Federal Rules of Evidence. As this evidence was properly excluded, the Court did not err in refusing to grant Defendant's request to depose or refusing to allow Blankenship's statement into evidence.

> B. *Defendant argues he should receive a new trial because the jury instructions regarding the parsonage allowance were not adequate*

A district court's choice of jury instructions is reviewed by an abuse of discretion standard. *United States v. Beaty*, 245 F.3d 617, 621 (6th Cir. 2001). The trial court has broad discretion to draft jury directions and will not be reversed unless the jury charge "fails accurately to reflect the law." *Id.* (internal quotation marks omitted)(citations omitted). The Court is not required to instruct the jury in the precise language requested by the defendant. *United States v. Akins*, 372 F.2d 291, 293 (6th Cir. 1967). When reviewing jury instructions "no single provision of the jury charge may be viewed in isolation, rather, the charge must be considered as a whole" and reversal is appropriate only where "viewed as a whole, [the jury instructions] were confusing, misleading, and prejudicial." *Beaty*, 245 F.3d 621-22 (citations omitted).

Defendant admits he submitted an instruction on the parsonage issue "which accurately stated the law" (Court File No. 119 p. 12). Defendant goes on to state "[t]he giving of that instruction was the minimum to which Defendant Driscoll was entitled." (*Id.*, p. 12). Defendant requested the jury be instructed to exclude the parsonage issue from their consideration. Defendant argues the Court caused confusion with the "wholly new instruction which neither party requested" (*Id.*, p. 12). The instruction the Court gave was the proposed instruction submitted by Defendant

7

with language inserted to instruct the jury not to consider payments made on more than one residence. The inserted language read "[i]n determining the Driscoll's taxable income for the years in question, you are not to consider that payments may have been received or made on more than one residence." The United States Court of Appeals for the Sixth Circuit stated "a defendant is entitled to some mention of his theory of defense, not necessarily to the exact language he has suggested." *United States v. Downing*, 850 F.2d 1104, 1118 (6th Cir. 1988). The jury instructions informed the jury of the defense theory that parsonage payments on more than one residence should not be used to determine taxable income for tax evasion purposes. Taken as a whole, the jury instructions adequately instructed the jury on the parsonage theory and were not confusing, misleading, or prejudicial.

### III.  CONCLUSION

Because the interests of justice do not warrant a new trial in this case, the Court will **DENY** Defendant's Motion for New Trial (Court File No. 118).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**